UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS, | Case No. 1:25-cv-00776-EPG (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL EXTENSION OF TIME RESPOND TO SCREENING ORDER |
| MANHAS, *et al*. | |
| Defendant. | (ECF No. 12) |

Plaintiff Michael Thomas is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). In his complaint filed on June 26, 2025, Plaintiff alleges that four medical professionals at Kern Valley State Prison suppressed or misrepresented medical information that resulted in delay or denial of medical care.

Before the Court is Plaintiff's "Motion for 60-Day Extension of Time to File First Amended Complaint" filed on June 1, 2026. (ECF No. 12). Plaintiff states he requires additional time to obtain legal materials in order to prosecute this lawsuit following his transfer to Lompoc prison. (*Id.* at 1). Plaintiff claims upon arrival at Lompoc, he was required to submit an authorization form to an attorney named Shefler to confirm that she was an attorney and had legal materials to provide to Plaintiff. (*Id.* at 2). Plaintiff states he began this process on April 1, 2026, but was unable to mail the required forms to Shefler until April 22, 2026, due to delays out of his control. (*Id.*). Plaintiff claims the issuance of legal mail at FCI Lompoc is incredibly

slow. As such, Plaintiff requests an additional sixty days to file a First Amended Complaint in response to the Court's screening order. (*Id.* at 3).

Notably, this is Plaintiff's third motion for either an extension or stay of the deadline for Plaintiff to respond to the Court's December 5, 2025 screening order. (ECF Nos. 6).  On December 5, 2025, the Court issued a screening order, directing Plaintiff to file a First Amended Complaint or Notify the Court that he Wants to Stand on his Complaint. (ECF No. 6). On December 22, 2025, Plaintiff filed a "Motion to Stay Case Pending Resolutions of Transfers" stating that he would be without his legal materials and unable to respond to the Court's screening order. (ECF No. 7).  On December 23, 2025, the Court declined to stay the case but instead granted an extension of 90 days for Plaintiff to respond to the screening order. Additionally, the Court provided Plaintiff a copy of his complaint. (ECF No. 8).

On April 2, 2026, Plaintiff filed a "Motion for Extension of Time until Plaintiff Receives his Legal Materials," indicating that Plaintiff was transferred to his current facility on March 2, 2026 and was without legal materials, required orientation on how to familiarize himself with the federal prison system and the facility, and was awaiting assignment of a caregiver to assist him in going to the law library. (ECF No. 9). On April 3, 2026, The Court granted a sixty-day extension for Plaintiff to respond to the December 5, 2025 screening order, ordering a response no later than June 2, 2026. order (ECF No. 10).  Thus, Plaintiff has already had six months to respond to the screening order.

Additionally, Plaintiff's motion does not set forth good cause for a further extension of time.  Plaintiff generally refers to difficulty in obtaining "legal mail" or "legal materials," but does not further describe these materials or explain why they are needed to respond to the Court's screening order. Notably, the reference to "legal mail" appears to refer to correspondence with an attorney named Shelfer.  However, here Plaintiff is proceeding *pro se*, so it is not clear how correspondence with attorney Shelfer is needed to respond to the Court's screening order.  Moreover, the Court already provided Plaintiff with a copy of his original complaint to assist him in preparing any amended complaint.

\\\

2

The Court will thus deny Plaintiff's motion. However, in an abundance of caution, the Court will grant Plaintiff one final extension of fourteen days, until June 17, 2026, to respond to the Court's screening order.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's Motion for Extension of Time to respond to the screening order (ECF No. 12) is **DENIED**.

2. Plaintiff is granted a *sua sponte* extension of 14 days, until **June 17, 2026**, to comply with the Court's December 5, 2025 screening order and either: (1) File a First Amended Complaint; or (2) Notify the Court that he Wants to Stand on his Complaint.

3. Failure to follow this order may result in dismissal of Plaintiff's case.

IT IS SO ORDERED.

Dated:   **June 3, 2026**                              /s/ *Erica P. Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE