UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MANHAS, *et al*.<br><br>　　　　Defendant. | Case No. 1:25-cv-00776-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S NOTICE OF INTENT TO FILE FIRST AMENDED COMPLAINT, MOTION TO EXCUSE LATE FILING OF FAC, AND MOTION FOR EXTENSION OF TIME TO FILE FAC<br><br>(ECF No. 14) |

Plaintiff Michael Thomas is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). In his complaint filed on June 26, 2025, Plaintiff alleges that four medical professionals at Kern Valley State Prison suppressed or misrepresented medical information that resulted in delay or denial of medical care.

Before the Court is Plaintiff's "Notice of Intent to File First Amended Complaint, Motion to Excuse Late Filing of FAC, and Motion for Extension of Time to File FAC." (ECF No. 14). Plaintiff states he received the Court's prior order denying his previous filing "Motion for 60-Day Extension of Time to File First Amended Complaint" on June 18, 2026, which was one day after the deadline given by the Court's *sua sponte* extension to respond to the Court's screening order. (ECF No. 13 at 3). Plaintiff states he received legal materials from an attorney Shefter on June 16, 2026, and he intends to file a First Amended Complaint. (ECF No. 14 at 1). Additionally, Plaintiff states he has already drafted a "Motion for Extension of Time to File a First Amended Complaint; Motion to Excuse Late Filing of First Amended Complaint Request

1

for Nunc Pro Tunc Relief; and Motion for Extension of Time to File First Amended Complaint." (*Id.*). He states he has declarations from attorney Shefter and a prison case manager to support these filings. (*Id.*) filed on June 1, 2026. (ECF No. 12). Plaintiff states he requires additional time to obtain legal materials in order to prosecute this lawsuit following his transfer to Lompoc prison. (*Id.* at 1). Plainitff states that while these documents are ready for filing, the copy machine in the law library at his prison is not working. (*Id.*). Plaintiff states that as of June 25, 2026, he would file these documents with the Court within 7-14 days.

Notably, this is Plaintiff's fourth motion for either an extension or stay of the deadline for Plaintiff to respond to the Court's December 5, 2025 screening order. (ECF Nos. 6).  On December 5, 2025, the Court issued a screening order, directing Plaintiff to file a First Amended Complaint or Notify the Court that he Wants to Stand on his Complaint. (ECF No. 6). On December 22, 2025, Plaintiff filed a "Motion to Stay Case Pending Resolutions of Transfers" stating that he would be without his legal materials and unable to respond to the Court's screening order. (ECF No. 7).  On December 23, 2025, the Court declined to stay the case but instead granted an extension of 90 days for Plaintiff to respond to the screening order. Additionally, the Court provided Plaintiff a copy of his complaint. (ECF No. 8).

On April 2, 2026, Plaintiff filed a "Motion for Extension of Time until Plaintiff Receives his Legal Materials," indicating that Plaintiff was transferred to his current facility on March 2, 2026 and was without legal materials, required orientation on how to familiarize himself with the federal prison system and the facility, and was awaiting assignment of a caregiver to assist him in going to the law library. (ECF No. 9). On April 3, 2026, The Court granted a sixty-day extension for Plaintiff to respond to the December 5, 2025 screening order, ordering a response no later than June 2, 2026. order (ECF No. 10).

On June 1, 2026, the Plaintiff filed another motion seeking a 60-day extension of time. (ECF No. 12). In that motion, Plaintiff stated upon arrival at Lompoc, he was required to submit an authorization form to an attorney named Shefler to confirm that she was an attorney and had legal materials to provide to Plaintiff. (*Id.* at 2). Plaintiff stated he began that process on April 1, 2026, but was unable to mail the required forms to Shefler until April 22, 2026, due

2

to delays out of his control. (*Id.*). Plaintiff claimed the issuance of legal mail at FCI Lompoc is incredibly slow. As such, Plaintiff requested an additional sixty days to file a First Amended Complaint in response to the Court's screening order. (*Id.* at 3). On June 3, 2026, the Court issued an order denying Plaintiff's motion (ECF No. 13). In that order the Court stated

> Additionally, Plaintiff's motion does not set forth good cause for a further extension of time.  Plaintiff generally refers to difficulty in obtaining "legal mail" or "legal materials," but does not further describe these materials or explain why they are needed to respond to the Court's screening order. Notably, the reference to "legal mail" appears to refer to correspondence with an attorney named Shelfer.  However, here Plaintiff is proceeding *pro se*, so it is not clear how correspondence with attorney Shelfer is needed to respond to the Court's screening order.  Moreover, the Court has already provided Plaintiff with a copy of his original complaint to assist him in preparing any amended complaint.

(*Id.* at 2). However, in an abundance of caution, the Court granted Plaintiff a *sua sponte* extension of fourteen days and ordered Plaintiff to respond to the screening order no lather than June 17, 2026. (*Id.* at 3). The Court warned Plaintiff that failure to follow the order may result in dismissal of Plaintiff's case. (*Id.*)

To the extent that Plaintiff seeks further extension to file his response to the screening order, the Court will again deny such a request. Again, Plaintiff has not set forth good cause for a further extension. He again makes references to correspondence with an attorney, but as the Court previously noted, Plaintiff is proceeding *pro se,* so it is unclear the relevancy of the need to correspond with an attorney. Additionally, the Plaintiff has had more than adequate time to respond to the Court's December 5, 2025 screening order.

However, again in an abundance of caution, the Court will grant Plaintiff an extension of fourteen days, until July 15, 2026, to respond to the Court's screening order. No further extensions will be provided. Failure to make the necessary filings by the deadline may result in the Court issuing Findings and Recommendations to dismiss this case.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's Notice of Intent to File First Amended Complaint, Motion to Excuse Late Filing of FAC, and Motion for Extension of Time to File FAC (ECF No. 14) is **DENIED**.

2. Plaintiff is granted an extension of 14 days, until **July 15, 2026**, to comply with the Court's December 5, 2025 screening order and either: (1) File a First Amended Complaint; or (2) Notify the Court that he Wants to Stand on his Complaint.

3. Failure to follow this order may result in dismissal of Plaintiff's case.

IT IS SO ORDERED.

DATED:   July 1, 2026      /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE